**3**

**J. RUSSELL CUNNINGHAM, SBN 130578**
**NICHOLAS L. KOHLMEYER, SBN 299087**
**BENJAMIN C. TAGERT, SBN 330242**
**DESMOND, NOLAN, LIVAICH & CUNNINGHAM**
1830 15th Street
Sacramento, California 95811
Telephone: (916) 443-2051
Facsimile: (916) 443-2651

Attorneys for Kimberly J. Husted
Chapter 11 Trustee

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

## SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>NORTH VALLEY DERMATOLOGY CENTER<br><br>              Debtor. | Case No. 20-20457-C-11<br>Chapter 11<br><br>DNL-3<br><br>Date: April 29, 2020<br>Time: 11:00 a.m.<br>Place: 501 "I" Street, 6th Floor<br>       Courtroom 34<br>       Sacramento, CA 95814 |

### MOTION FOR AUTHORITY TO USE ESTATE FUNDS

KIMBERLY J. HUSTED ("Trustee"), in her capacity as the Chapter 11 trustee for the bankruptcy estate of NORTH VALLEY DERMATOLOGY CENTER ("Debtor"), hereby moves for an order authorizing her to use estate funds: (1) of $6,500.00 for the services of MSEO CONSULTING GROUP ("MSEO") to forensically collect e-mail and electronic documents from the Debtor's network server and employee personal computers; and (2) in an amount not to exceed $3,500.00 for MSEO to assist the Trustee in responding to document requests using an electronic discovery system. In support thereof, the Trustee respectfully submits the following:

///

///

**JURISDICTION AND BACKGROUND**

1. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157(b)(2)(A), 157(b)(2)(B), and 1334. Venue is proper in this District pursuant to 28 U.S.C. § 1409. Relief is sought pursuant to 11 U.S.C. § 363(b).

2. On January 28, 2020 ("Petition Date"), the Debtor commenced the above-captioned bankruptcy case by filing a voluntary Chapter 11 petition. On March 14, 2020, the Court granted UST-2, the United States Trustee's motion for an order appointing a trustee in the Debtor's case. The Trustee is the duly appointed Chapter 11 trustee for the Debtor's bankruptcy estate.

3. The Debtor, a California general partnership, operated a medical and surgical dermatology practice in Chico, CA since its formation in 2010. As of the Petition Date, the Debtor employed a staff of approximately 30 employees. The Debtor possesses significant electronic records and e-mails that are maintained both on a network server as well as on certain employees' personal computers. MSEO has advised that the costs associated with forensically collecting e-mail and electronic documents from the Debtor's network server and employee's personal computers will approximate $6,500.00.

4. On February 11, 2020, the Court granted DB-1, OMAR JAY ON and BARBARA ON's (collecting Ons") application for authority to issue discovery to the Debtor, amongst others. The Ons served a subpoena on the Debtor with certain document requests, which was subsequently withdrawn. However, the Trustee intends to supply the Ons with documents responsive to their requests in compliance with her duties under 11 U.S.C. § 704(7). MSEO has estimated that assisting the Trustee in reviewing and producing documents responsive to the Ons' request could cost from $1,000 – $15,000 depending on the number of documents required to be reviewed and produced.

5. Mark Seo, the principal of MSEO, has substantial experience in computer forensics and in collecting, recovering, converting, and analyzing electronic data similar to that in the Debtor's case.

6.     Mr. Seo is a personal friend of J. Russell Cunningham, an attorney for the Trustee's counsel of record. Mr. Seo has advised that neither he, nor MSEO, represents or holds any interest adverse to Debtor or to the bankruptcy estate and does not believe that his relationship with Mr. Cunningham will negatively impact his ability to perform the services detailed herein.

**RELIEF SOUGHT AND BASIS FOR RELIEF**

Pursuant to 11 U.S.C. Section 363(b), a trustee, "after notice and a hearing, may use, sell, or lease . . . property of the bankruptcy estate . . ." The Trustee's use of estate funds is necessary for the Trustee to: (1) access and retrieve the Debtor's electronic documents and employee e-mails related to the Debtor's former business operations on its network server and employees' personal computers; and (2) properly respond to the Ons' document requests. Unsecured creditors will benefit from the Trustee's proposed use of estate funds, which will result in potentially identifying estate assets as well as properly identifying estate creditors. Additionally, the Trustee's proposed use of estate funds is necessary for the Trustee to comply with her obligations under 11 U.S.C. § 704(7).

**WHEREFORE**, the Trustee respectfully requests that the motion be granted and for such other and further relief as the Court deems necessary and proper.

Dated: March 25, 2020　　　　　　　**DESMOND, NOLAN, LIVAICH, & CUNNINGHAM**

By: /s/ J. RUSSELL CUNNINGHAM
　　**J. RUSSELL CUNNINGHAM,**
　　Attorneys for Kimberly J. Husted
　　Chapter 11 Trustee