Filed 11/19/20 — Case 20-20457 — Doc 407

**16**

**J. RUSSELL CUNNINGHAM, SBN 130578**
**NICHOLAS L. KOHLMEYER, SBN 299087**
**BENJAMIN C. TAGERT, SBN 330242**
**DESMOND, NOLAN, LIVAICH & CUNNINGHAM**
1830 15th Street
Sacramento, California 95811
Telephone: (916) 443-2051
Facsimile: (916) 443-2651

Attorneys for Kimberly J. Husted
Plaintiff and Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

## SACRAMENTO DIVISION

| | |
|---|---|
| In re: | Case No. 20-20457-C-7<br>Chapter 7 |
| NORTH VALLEY DERMATOLOGY CTR,<br><br>　　　　　　　Debtor. | |
| KIMBERLY J. HUSTED, in her capacity as Trustee for the Estate of North Valley Dermatology Ctr,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>KAFELE HODARI, F. PAUL SAJBEN, STEPHEN A. VANNUCCI, DONALD F. RICHEY, DONALD F. RICHEY, M.D., INC., STEPHEN A. VANNUCCI, M.D., INC., F. PAUL SAJBEN, M.D., A PROFESSIONAL CORPORATION and KAFELE T. HODARI, M.D., INC.,<br><br>　　　　　　　Defendants. | Adversary No.: |

1

## COMPLAINT

Plaintiff KIMBERLY J. HUSTED ("Trustee"), in her capacity as the Chapter 7 trustee for the above-captioned bankruptcy estate of NORTH VALLEY DERMATOLOGY CTR ("Debtor"), for her complaint against KAFELE HODARI ("Hodari"), F. PAUL SAJBEN ("Sajben"), STEPHEN A. VANNUCCI ("Vannucci"), DONALD F. RICHEY ("Richey"), DONALD F. RICHEY, M.D., INC. ("DFRI"), STEPHEN A. VANNUCCI, M.D., INC. ("SAVI"), F. PAUL SAJBEN, M.D., A PROFESSIONAL CORPORATION ("FPSI") and KAFELE T. HODARI, M.D., INC. ("KTHI") (collectively "Defendants"), upon knowledge with respect to her own acts and upon information and belief and to the best of her knowledge with respect to all other matters, respectfully alleges as follows:

### Nature of this Action

1. The Trustee commences this adversary proceeding for a judgment: (a) avoiding preferences and fraudulent transfers; (b) disallowing claims; and (c) granting such other and further relief as is just and proper.

### Jurisdiction; Venue; Statutory Bases

2. This Court has jurisdiction of this proceeding under 28 U.S.C. §§ 157 and 1334.

3. Venue of the bankruptcy case and of this proceeding is proper in this District under 28 U.S.C. §§ 1408 and 1409.

4. The statutory predicates for the relief herein are 11 U.S.C. §§ 502(d), 544(b), 548(b), 548(a)(1), 550(a), and 551, 11 U.S.C. § 101 et seq. (collectively the "Bankruptcy Code"), and Federal Rule of Bankruptcy Procedure 7001(1) (the "Bankruptcy Rules").

5. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(B), (C), and (F).

6. The Trustee consents to the entry of final orders or judgment by the Bankruptcy Court if it is determined that consent of the parties is required by the Bankruptcy Court to enter final orders or judgment consistent with Article III of the United States Constitution.

///

///

**The Parent Bankruptcy Case**

7. The Debtor is a general partnership organized under the laws of California that operated a dermatology practice from 2010 through 2020 at 251 Cohasset Road, Chico, California. The Debtor's general partners have included defendants KTHI, FPSI, SAVI and DFRI.

8. On January 28, 2020, the Debtor's parent bankruptcy case was commenced by a voluntary Chapter 11 petition and converted to a case under Chapter 7 on April 21, 2020. The Trustee has served as duly appointed trustee for the Debtor's bankruptcy estate since March 12, 2020.

9. The Debtor's petition was signed by Sajben pursuant to an authorizing resolution executed by Vannucci and Sajben on behalf of SAVI and FPSI.

**The Parties**

10. Defendant Hodari is an individual and at all times alleged herein the sole shareholder, director, and officer for defendant KTHI, a California corporation. KTHI was a general partner of the Debtor from at least November 2012 through August 2019.

11. Defendant Sajben is an individual and at all times alleged herein the sole shareholder, director, and officer of FPSI, a California corporation. FPSI has been a general partner of the Debtor since at least September 2010 through the petition date.

12. Defendant Vannucci is an individual and at all times alleged herein the sole shareholder, director, and officer of SAVI, a California corporation. SAVI has been a general partner of the Debtor since at least September 2010 through the petition date.

13. Defendant Richey is an individual and at all times alleged herein the sole shareholder, director, and officer of DFRI, a California corporation. DFRI has been a general partner of the Debtor from at least September 2010 through December 2016.

**Facts**

14. On June 3, 2019, an arbitrator issued an award against the Debtor in favor of OMAR ON and BARBARA ON (collectively "On Creditors") that included over $1,016,000 wage-related damages and interest for the period 2010 through 2013. On November 12, 2019, the arbitrator

awarded an additional $1,480,000 attorney fees and costs. An approximate $2.5 million final award was issued in favor of the On Creditors on December 16, 2019.

15. In September 2019, defendants Sajben and Vannucci entered into separate written employment agreements (collectively "Employment Contracts") with an entity denominated as NORTH VALLEY DERMATOLOGY, a California professional medical corporation ("NVDI"). The Sajben employment agreement was signed by defendant Sajben on his own behalf and as NVDI's President. The Vannucci employment agreement was signed by defendant Vannucci on his own behalf and as NVDI's President. NVDI is not a corporation identifiable in the records of the California Secretary of State as having been incorporated or otherwise doing business. Vannucci and Sajben contend that: (a) the Debtor is the party identified in the Employment Contracts as NVDI; (b) reference to that entity in the Employment Contracts was a clerical error; and (c) subsequent Debtor payments (identified amongst those described herein as Partner Draws) were in the nature of wages as opposed to owner distributions. The Employment Contracts were not disclosed in the Debtor's Schedules nor were their purported execution disclosed in the Debtor's Statement of Financial Affairs. NVDI was not identified as a tradename in the Debtor's Petition.

16. On the petition date, the Debtor owed noncontingent and liquidated general unsecured obligations aggregating about $2.6 million, including the $2.5 million award to the On Creditors.

17. From January 29, 2018 through January 28, 2020, the aggregate value of the Debtor's property received by defendants KTHI, FPSI and SAVI, including portions paid directly to defendants Sajben and Vannucci as purported compensation under the Employment Contracts, was $4,241,419.74 (collectively "Partner Draws"):

///
///
///
///
///

| Partner | Draw |
|---|---:|
| KTHI | $857,163.02 |
| FPSI | $1,349,998.03 |
| SAVI | $2,034,258.69 |
| **Total** | **$4,241,419.74** |

18. Hodari received and benefitted from the following Partner Draws received by KTHI:

| Date | Amount |
|---|---:|
| 1/31/18 | $4,355.64 |
| 2/14/18 | $18,288.13 |
| 2/28/18 | $44,690.74 |
| 3/15/18 | $35,921.22 |
| 3/31/18 | $16,173.59 |
| 4/15/18 | $17,616.23 |
| 4/30/18 | $27,965.82 |
| 5/14/18 | $20,171.00 |
| 5/24/18 | $29,967.76 |
| 5/31/18 | $30,763.64 |
| 7/15/18 | $1,217.49 |
| 8/31/18 | $54,712.49 |
| 9/30/18 | $22,990.20 |
| 10/15/18 | $21,368.17 |
| 10/31/18 | $16,287.16 |
| 11/15/18 | $65,209.09 |

| Date | Amount |
|---|---:|
| 1/31/19 | $42,988.74 |
| 2/15/19 | $10,820.94 |
| 2/28/19 | $28,268.54 |
| 3/15/19 | $5,218.55 |
| 4/15/19 | $29,849.94 |
| 4/30/19 | $32,324.78 |
| 5/14/19 | $29,342.94 |
| 6/30/19 | $41,600.52 |
| 7/15/19 | $47,345.41 |
| 7/31/19 | $64,371.37 |
| 8/15/19 | $25,175.77 |
| 8/25/19 | $25,609.07 |
| 8/31/19 | $46,547.78 |
| **TOTAL** | **$857,163.02** |

19. Sajben received and benefitted from the following Partner Draws received by FPSI:

| Date | Amount |
|---|---:|
| 1/31/18 | $20,538.97 |
| 2/14/18 | $13,146.48 |
| 2/28/18 | $31,899.56 |
| 3/15/18 | $16,078.42 |
| 3/31/18 | $22,982.48 |
| 4/15/18 | $4,857.14 |
| 4/30/18 | $46,184.45 |
| 5/14/18 | $27,634.38 |
| 5/24/18 | $19,276.77 |

6

| | |
|---|---:|
| 5/31/18 | $29,326.03 |
| 6/30/18 | $30,603.12 |
| 7/15/18 | $16,371.38 |
| 7/31/18 | $5,943.92 |
| 8/31/18 | $57,925.18 |
| 9/15/18 | $1,995.40 |
| 9/30/18 | $46,132.16 |
| 10/15/18 | $32,086.12 |
| 10/31/18 | $56,169.86 |
| 11/15/18 | $33,760.80 |
| 11/30/18 | $3,899.89 |
| 12/15/18 | $6,756.79 |
| 12/31/18 | $15,682.47 |
| 1/15/19 | $23,364.14 |
| 1/31/19 | $11,930.75 |
| 2/15/19 | $26,981.96 |
| 2/28/19 | $43,008.60 |
| 3/15/19 | $14,930.78 |
| 3/31/19 | $20,912.27 |
| 4/15/19 | $47,464.56 |
| 4/30/19 | $44,839.85 |
| 5/14/19 | $42,819.34 |
| 5/31/19 | $39,485.56 |
| 6/15/19 | $45,990.74 |
| 6/30/19 | $64,174.45 |
| 7/15/19 | $30,989.73 |
| 7/31/19 | $18,044.03 |

| Date | Amount |
|---|---|
| 8/15/19 | $41,572.99 |
| 8/25/19 | $31,335.31 |
| 8/31/19 | $49,790.14 |
| 9/15/19 | $26,183.62 |
| 9/15/19 | $1,653.07 |
| 10/18/19 | $19,823.68 |
| 11/1/19 | $103,527.06 |
| 11/15/19 | $9,672.55 |
| 11/29/19 | $8,826.92 |
| 12/13/19 | $6,635.51 |
| 12/27/19 | $6,635.51 |
| 1/9/20 | $7,436.37 |
| 1/10/20 | $9,808.78 |
| 1/24/20 | $12,907.99 |
| **TOTAL** | **$1,349,998.03** |

20. Vannucci received and benefitted from the following Partner Draws received by SAVI:

| Date | Amount |
|---|---|
| 1/31/18 | $22,569.43 |
| 2/14/18 | $36,393.90 |
| 2/28/18 | $59,686.13 |
| 3/15/18 | $55,994.51 |
| 3/31/18 | $49,132.63 |
| 4/15/18 | $26,662.64 |
| 4/30/18 | $27,293.57 |

| Date | Amount |
|---|---|
| 5/14/18 | $54,294.57 |
| 5/24/18 | $45,241.27 |
| 5/31/18 | $37,143.20 |
| 6/15/18 | $22,863.01 |
| 6/30/18 | $56,230.08 |
| 7/15/18 | $19,840.29 |
| 7/31/18 | $18,344.34 |
| 8/22/18 | $5,143.04 |
| 8/31/18 | $72,176.06 |
| 9/15/18 | $2,037.55 |
| 9/30/18 | $63,753.71 |
| 10/15/18 | $54,520.90 |
| 10/31/18 | $66,798.32 |
| 11/15/18 | $61,633.30 |
| 11/30/18 | $17,152.16 |
| 12/15/18 | $15,041.91 |
| 12/31/18 | $30,203.73 |
| 1/15/19 | $32,022.82 |
| 1/31/19 | $46,053.94 |
| 2/15/19 | $32,851.40 |
| 2/28/19 | $40,832.14 |
| 3/15/19 | $34,648.53 |
| 3/31/19 | $16,009.42 |
| 4/15/19 | $43,635.31 |
| 4/30/19 | $54,425.75 |
| 5/14/19 | $53,920.97 |
| 5/31/19 | $27,411.80 |

| | |
|---|---:|
| 6/15/19 | $50,454.37 |
| 6/30/19 | $67,264.16 |
| 7/15/19 | $58,762.64 |
| 7/31/19 | $93,699.09 |
| 8/15/19 | $26,073.32 |
| 8/25/19 | $37,528.50 |
| 8/31/19 | $62,162.51 |
| 9/15/19 | $38,242.39 |
| 10/18/19 | $29,855.76 |
| 11/1/19 | $163,822.04 |
| 11/15/19 | $25,858.15 |
| 11/29/19 | $16,306.71 |
| 12/13/19 | $25,973.57 |
| 12/27/19 | $8,023.33 |
| 1/10/20 | $8,875.56 |
| 1/24/20 | $19,394.26 |
| **TOTAL** | **$2,034,258.69** |

21. Each of the Partner Draws were made at a time when Hodari, Sajben, and Vannucci knew or should have known of the Debtor's litigation with the On Creditors.

**First Claim for Relief**
**Avoidance and Recovery of Fraudulent Transfer**
**(11 U.S.C. §§ 548 (b) and 550 (a))**
**(As to Hodari, Sajben, Vannucci, KTHI, FPSI and SAVI only)**

22. The Trustee repeats and realleges each of the foregoing allegations as if fully set forth herein.

23. The Partner Draws and Employment Contracts were made within 2 years before the petition date.

24. The Partner Draws and Employment Contracts were made to general partners of the Debtor.

25. The Debtor was insolvent on the date each of the Partner Draws and Employment Contracts were made or became insolvent as a result.

26. Based upon the foregoing, the Trustee is entitled to an order and judgment: (a) avoiding the Partner Draws and Employment Contracts under 11 U.S.C. § 548 (b); (b) recovering the Partner Draws and Employment Contracts or their value from defendants Hodari, Sajben, Vannucci, KTHI, FPSI and SAVI under 11 U.S.C. § 550 (a); and (c) awarding pre- and post-judgment interest thereon from the date of demand to the date of payment or other satisfaction of such order and judgment.

**Second Claim for Relief**
**Avoidance and Recovery of Fraudulent Transfer**
**(11 U.S.C. §§ 548 (a)(1)(A) and 550 (a))**
**(As to Hodari, Sajben, Vannucci, KTHI, FPSI and SAVI only)**

27. The Trustee repeats and realleges each of the foregoing allegations as if fully set forth herein.

28. The Partner Draws and Employment Contracts made within 2 years before the petition date.

29. Defendants Hodari, Sajben, Vannucci, KTHI, FPSI and SAVI were insiders of the Debtor when the Partner Draws and Employment Contracts were made.

30. The Partner Draws and Employment Contracts were made with actual intent to hinder, delay, or defraud the On Creditors.

31. The Debtor's obligation to the On Creditors arose before each of the Partner Draws and Employment Contracts were made.

32. Based upon the foregoing, the Trustee is entitled to an order and judgment: (a) avoiding the Partner Draws and Employment Contracts under 11 U.S.C. § 548 (a)(1)(A); (b) recovering the Partner Draws or their value from defendants Hodari, Sajben, Vannucci, KTHI, FPSI and SAVI under 11 U.S.C. § 550 (a); and (c) awarding of pre- and post-judgment interest

11

Filed 11/19/20　　Case 20-20457　　Doc 407

### Third Claim for Relief
**Avoidance as Successor to Actual Unsecured Creditors**
**(11 U.S.C. § 544 (b); Cal. Civ. Code § 3439)**
**(As to Hodari, Sajben, Vannucci, KTHI, FPSI and SAVI only)**

thereon from the date of demand to the date of payment or other satisfaction of such order and judgment.

33. The Trustee repeats and realleges each of the foregoing allegations as if fully set forth herein.

34. The On Creditors are an actual unsecured creditor with an allowable unsecured claim.

35. The Partner Draws and Employment Contracts were made with actual or constructive intent to hinder, delay, or defraud the On Creditors.

36. The Debtor was insolvent on the date each of the Partner Draws and Employment Contracts were made or became insolvent as a result.

37. The Debtor did not receive reasonably equivalent value for the Partner Draws or Employment Contracts.

38. The Debtor has an interest in the Partner Draws and Employment Contracts.

39. The Partner Draws and Employment Contracts were voidable by the On Creditors under California law on the petition date.

40. Based upon the foregoing, the Trustee is entitled to an order and judgment: (a) avoiding the Partner Draws and Employment Contracts under 11 U.S.C. § 544 (b)(1) and Cal. Civ. Code § 3439.07 (a)(1); (b) recovering the Partner Draws or their value from defendants Hodari, Sajben, Vannucci, KTHI, FPSI and SAVI under Cal. Civ. Code § 3439.07 (a)(3)(C); and (c) awarding of pre- and post-judgment interest thereon from the date of demand to the date of payment or other satisfaction of such order and judgment.

///

///

///

///

12

**Fourth Claim for Relief**
**Claim Disallowance**
**(11 U.S.C. § 502 (d))**
**(As to Vannucci only)**

41. The Trustee repeats and realleges each of the foregoing allegations as if fully set forth herein.

42. By Proof of Claim 15-1, defendant Vannucci asserts a $36,243.19 unsecured claim entitled to priority under 11 U.S.C. § 507 (a)(5).

43. Defendant Vannucci is a transferee of the Partner Draws and Employment Contracts, which are avoidable pursuant to 11 U.S.C. § 548 (b) and (a)(1)(A).

44. Defendant Vannucci has not paid the amount of the Partner Draws and Employment Contracts for which he is liable under 11 U.S.C. § 550(a).

45. The Trustee is entitled to a judgment pursuant to 11 U.S.C. § 502 (d) disallowing all claims of defendant Vannucci, including Proof of Claim 15-1, until such time as defendant Vannucci pays the Trustee an amount equal to the amount of the Partner Draws and Employment Contracts plus all interest accrued thereon.

**Fifth Claim for Relief**
**Breach of Fiduciary Duty**
**(Cal. Corp. Code §§ 16404 (a), 16405 (a))**
**(As to Hodari, Sajben, Vannucci, KTHI, FPSI and SAVI only)**

46. The Trustee repeats and realleges each of the foregoing allegations as if fully set forth herein.

47. Defendants Hodari, Sajben and Vannucci, each as the sole shareholder, director, and officer for their respective corporations, defendants KTHI, FPSI and SAVI, were partners-in-fact of the Debtor at the time the Partner Draws were made.

48. Defendants Hodari, Sajben and Vannucci, through their respective control of defendants KTHI, FPSI and SAVI, each owe a fiduciary duty to the Debtor.

49. Defendants Hodari, Sajben and Vannucci breached that duty by depleting the Debtor of substantially all its assets and placing the Debtor in bankruptcy.

50. That breach caused the Debtor to suffer damages, including increased liability to the On Creditors, professional fees, and loss of goodwill, in an amount according to proof.

13

51. The Trustee is entitled to an order and judgment entitling the Trustee to recover money damages from defendants Hodari, Sajben and Vannucci in an amount according to proof.

### Sixth Claim for Relief
**Indemnity**
**(Cal. Corp. Code §§ 16401 (a)(2), 16306 (a))**
**(As to Hodari, Sajben, Vannucci, KTHI, FPSI and SAVI only)**

52. The Trustee repeats and realleges each of the foregoing allegations as if fully set forth herein.

53. Defendants Hodari, Sajben and Vannucci, through their respective control of defendants KTHI, FPSI and SAVI, failed to use reasonable care such that, during the period July 24, 2018 through February 28, 2020, causing the Debtor to overbill Medicare.

54. That conduct of defendants Hodari, Sajben and Vannucci was a substantial factor in causing the Debtor to suffer harm, including professional fees related to the Debtor's resulting obligations to Medicare and increased commission liability and payments to Debtor physician assistants, in an amount according to proof.

55. The Trustee is entitled to an order and judgment entitling the Trustee to recover money damages from defendants Hodari, Sajben and Vannucci in an amount according to proof.

### Seventh Claim for Relief
**Partnership Contributions**
**(11 U.S.C. § 723; Cal. Corp. Code § 16405)**
**(As to all defendants)**

56. The Trustee repeats and realleges each of the foregoing allegations as if fully set forth herein.

57. The Trustee anticipates allowed claims will exceed $3,000,000.00.

58. The Trustee anticipates a deficiency in available property to pay all allowed claims.

59. The Trustee is entitled to an order and judgment entitling the Trustee to recover money damages totaling the deficiency required to pay all allowed claims from defendants Hodari, Sajben, Vannucci, Richey, KTHI, FPSI, SAVI, and DPRI in an amount according to proof.

14

**Relief Requested**

WHEREFORE, the Trustee prays that this Court grant the following relief against the defendants:

A.　On the First Claim for Relief, judgment in favor of the Trustee and against defendants Hodari, Sajben, Vannucci, KTHI, FPSI and SAVI avoiding the fraudulent transfers and directing their return to the Trustee, pursuant to 11 U.S.C. §§ 548 (b) and 550 (a), plus interest from the date of demand at the maximum legal rate and to the fullest extent allowable by applicable law, together with costs and expenses of this action including, without limitation, attorney fees;

B.　On the Second Claim for Relief, judgment in favor of the Trustee and against defendants Hodari, Sajben, Vannucci, KTHI, FPSI and SAVI, avoiding the fraudulent transfers and directing their return to the Trustee, pursuant to 11 U.S.C. §§ 548 (a)(1)(A) and 550 (a), plus interest from the date of demand at the maximum legal rate and to the fullest extent allowable by applicable law, together with costs and expenses of this action including, without limitation, attorney fees;

C.　On the Third Claim for Relief, judgment in favor of the Trustee and against the Partner Defendants and Doctor Defendants (a) avoiding the Partner Draws and Employment Contracts under 11 U.S.C. § 544 (b)(1) and Cal. Civ. Code § 3439.07 (a)(1), recovering the Partner Draws or their value from defendants Hodari, Sajben, Vannucci, KTHI, FPSI and SAVI under Cal. Civ. Code § 3439.07 (a)(3)(C), and awarding of pre- and post-judgment interest thereon from the date of demand to the date of payment or other satisfaction of such order and judgment.

D.　On the Fourth Claim for Relief, judgment in favor of the Trustee and against defendant Vannucci disallowing any claims filed or otherwise held by the defendant and/or his assignee against the Debtor's bankruptcy estate, including Proof of Claim 15-1 until the defendant returns the fraudulent transfers to the Trustee pursuant to 11 U.S.C. § 502 (d).

E.　On the Fifth and Sixth Claims for Relief, judgment in favor of the Trustee and against defendants Hodari, Sajben and Vannucci, awarding money damages in an amount according to proof.

15

F. On the Seventh Claim for Relief, judgment in favor of the Trustee and against the defendants Hodari, Sajben, Vannucci, Richey, KTHI, FPSI, SAVI and DPRI, awarding money damages totaling the deficiency in available property to pay all allowed claims in an amount according to proof.

**WHEREFORE**, the Trustee prays for judgment as set forth above and for such other and further relief as the Court deems necessary and proper.

Dated: November 19, 2020   **DESMOND, NOLAN, LIVAICH & CUNNINGHAM**

By: /s/ J. RUSSELL CUNNIGHAM
    **J. RUSSELL CUNNINGHAM**
    Attorneys for Kimberly J. Husted,
    Plaintiff and Chapter 7 Trustee