**6**

J. RUSSELL CUNNINGHAM, SBN 130578
BENJAMIN C. TAGERT, SBN 330242
**DESMOND, NOLAN, LIVAICH & CUNNINGHAM**
1830 15th Street
Sacramento, California 95811
Telephone: (916) 443-2051
Facsimile: (916) 443-2651

Attorneys for Kimberly J. Husted
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF CALIFORNIA

# SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>NORTH VALLEY DERMATOLOGY CENTER,<br><br>　　　　Debtor. | Case No. 20-20457-C-7<br>Chapter 7<br><br>DNL-19<br><br>Date:　July 28, 2021<br>Time:　10:00 a.m.<br>Place:　Courtroom 35<br>　　　　501 "I" Street, 6th Floor<br>　　　　Sacramento, CA 95814 |

## MOTION TO APPROVE VANNUCCI-ON SETTLEMENT

KIMBERLY J. HUSTED ("Trustee"), in her capacity as the Chapter 7 trustee for the bankruptcy estate of NORTH VALLEY DERMATOLOGY CENTER ("Debtor"), hereby moves for an order approving a settlement with STEPHEN A. VANNUCCI, ALINE A. VANNUCCI and STEPHEN A. VANNUCCI, M.D., INC. (collectively "Vannucci"); and OMAR JAY ON and BARBARA ON (collectively "On"). In support thereof, the Trustee respectfully submits the following:

///

///

1

**JURISDICTION AND BACKGROUND**

1. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§157 (b)(2)(A), 157 (b)(2)(B), and 1334. Venue is proper in this District pursuant to 28 U.S.C. § 1409. The relief sought is appropriate and proper pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure and 11 U.S.C. §§502(b) and 726(a).

2. On January 28, 2020, the Debtor commenced the above-captioned bankruptcy case by filing a voluntary Chapter 11 petition ("Petition Date"). The Trustee was appointed the Chapter 11 trustee by order entered March 12, 2020. On April 21, 2020, the case was converted to one under Chapter 7. The Trustee is the duly appointed Chapter 7 trustee for the Debtor's bankruptcy estate.

3. The Debtor, a California general partnership, operated a medical and surgical dermatology practice in Chico, California since its formation in 2010 through its closure in March 2020.

4. By Proof of Claim 11-1 ("POC 11-1"), On asserts a general unsecured claim of $2,497,802.20 for damages that allegedly arise from *On, et al. v. Stephen A. Vannucci, M.D., Inc., et al.*, American Arbitration Association, Case No. 01-18-0000-4409 (the "Arbitration"); *In re the Arbitration of On, et al. v. Stephen A. Vannucci, M.D., Inc., et al.*, Superior Court of the State of California, County of Butte, Case No. 19CV03856 (the "State Court Action"); and the pending appeals from the State Court Action, Court of Appeal of the State of California, Third Appellate District, Case No. C093000 (the "Appeal") (the Arbitration, State Court Action, and Appeal are collectively referred to herein as the "On Litigation"). The Trustee has estimated that POC 11-1 represents about 85% of the total amount of allowed general unsecured claims against the Bankruptcy Estate. A pending settlement with Kafele Hodari and others proposes allowance of POC 11-1 as follows:

///
///
///
///

| Item | Amount |
|---|---|
| POC 11-1 | 2,497,802 |
| (Hodari Settlement Payment) | (325,000) |
| Sub-Total | 2,172,802 |
| (Less 5%) | (108,640) |
| **Proposed Allowed Amount** | **2,064,162** |

5. By Adversary Proceeding No. 20-02175-C arising in the Bankruptcy Case (the "Adversary Proceeding"), the Trustee seeks about $2.2 million from Vannucci based on transfer avoidance, breach of fiduciary duty, indemnity, and partnership contribution claims. Issues and defenses raised by Vannucci include but are not limited to: (a) the Debtor's solvency; (b) Vannucci's good faith; (c) the value of services provided by Vannucci; (d) ordinary course of business; and (e) timeliness.

6. In addition to Vannucci and Hodari, the defendants and potential defendants in the State Court Action and Adversary Proceeding are: (1) F. PAUL SAJBEN and DONALD F. RICHEY (collectively "Other Physicians") and their spouses (collectively "Other Spouses"); (2) DONALD F. RICHEY, M.D., INC. and F. PAUL SAJBEN, M.D., A PROFESSIONAL CORPORATION (collectively "Other Medical Corporations"); and (3) the downstream transferees of the Other Physicians, Other Spouses and Other Medical Corporations (collectively "Other Transferees"). The Other Physicians, Other Spouses, Other Medical Corporations and Other Transferees shall be collectively referred to herein as the "Other Parties").

### TERMS OF SETTLEMENT AGREEMENT

7. Subject to Bankruptcy Court approval, the Trustee, Vannucci and On have entered into a Settlement and Release Agreement ("Agreement"), the essential terms of which are:

<u>Settlement Payment to On.</u> Vannucci shall pay $360,000 ("Vannucci Settlement Payment") to On.

8. <u>Reduction of the On Claim</u>. Upon On's receipt of the Vannucci Settlement Payment, the allowed amount of POC 11-1 shall be reduced as follows:

| Item | Amount |
|---|---|
| POC 11-1 | 2,064,162 |
| (Vannucci Settlement Payment) | (360,000) |
| Sub-Total | 1,704,162 |
| (Less 5%) | (85,208) |
| **Reduced Amount** | **1,618,954** |

9. <u>Dismissals</u>. Stephen A. Vannucci and Stephen A. Vannucci, M.D., Inc. shall be dismissed from the State Court Action, Appeal and Adversary Proceeding, with prejudice and the parties bearing their own attorney fees and costs.

10. <u>Releases</u>. The settling parties shall exchange mutual releases, none of which shall inure to the benefit of the Other Parties; nor shall the releases impair, impede or prejudice in any way the claims that have been asserted or could be asserted by the settling parties against the Other Parties in any other proceeding, including the Adversary Proceeding.

### BASIS FOR RELIEF

**A. THE SETTLEMENT SHOULD BE APPROVED.**

Federal Rule of Bankruptcy Procedure 9019 provides that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." When deciding whether a proposed compromise under Federal Rule of Bankruptcy Procedure 9019 should be approved, the court should consider whether the settlement is fair and equitable. *In re Planned Protective Service, Inc.*, 130 B.R. 94, 96 (Bankr. C.D. Cal. 1991). In evaluating the fairness, reasonableness and adequacy of the proposed compromise, courts consider: (a) the probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (d) the paramount interest of the creditors and a proper deference to

their reasonable views in the premises.  *In Re Woodson*, 839 F.2d 610, 620 (9th Cir. 1988), citing *In Re A & C Properties*, 784 F.2d 1377, 1381, cert. denied 107 S.Ct. 189 (1986).

The Court should not conduct "an exhaustive investigation or a mini-trial on the merits," *Spirtos v. Ray (In re Spirtos)*, 2006 Bankr. LEXIS 4894 at 32 (B.A.P. 9th Cir. 2006), but instead should simply "'canvas the issues and see whether the settlement falls below the lowest point in the range of reasonableness[.]'" *Id.* (quoting *In re Pacific Gas & Elec. Co.*, 304 B.R. 395, 417 (Bankr. N.D. Cal. 2004)). While the proponent of a settlement has the burden to show that it is fair and equitable, a court generally should give deference to a trustee's exercise of business judgment.  *Goodwin v. Mickey Thompson Entm't Group, Inc. (In re Mickey Thompson Entm't Group, Inc.)*, 292 B.R. 415, 420 (B.A.P. 9th Cir. 2003).

The Court should approve the proposed settlement because it is fair and equitable, and in the best interests of the Debtor's creditors.

**1.     The probability of success in the litigation.**

This factor supports approving the Agreement. The probability of success in any litigation is ultimately unknown.  In support of his vigorous defense of the Adversary Proceeding Vannucci contends that, among other things: (a) the Debtor was solvent when each transfer was made; (b) Vannucci acted in good faith; (c) the value of services provided by Vannucci was reasonably equivalent to the amount of the transfers; (d) the transfers were made in ordinary course of business; and (e) the claim is untimely.  The Trustee has been advised by counsel that the Agreement is a fair and equitable result. "Rather than an exhaustive investigation or a mini-trial on the merits, the bankruptcy court need only find that the settlement was negotiated in good faith and is reasonable, fair and equitable." *Spirtos v. Ray (In re Spirtos)* (9th Cir. BAP 2006) 2006 Bankr. LEXIS 4894 at 32.  In addition, the settlement provides certainty as to the outcome and eliminates the risk of an adverse result in the litigation with respect to Vannucci.

**2.     The difficulties to be encountered in collection.**

Counsel for Vannucci has informed counsel for the Trustee that there could be difficulties and delays in collecting any judgment that the Trustee might obtain with respect to Vannucci, arising from, among other things, a contemplated dissolution of marriage.

5

**3.	The complexity, expense, and inconvenience of the litigation involved.**

This factor is somewhat neutral. While the Trustee will, absent settlements with the other defendants, need to continue litigating the Adversary Proceeding, the cost will be reduced by eliminating one defendant. While the claims against the defendants have some common elements and facts, there are separate issues related to each defendant. This settlement reduces the expenses of the litigation by narrowing the scope of the litigation and the parties which will result in less trial time and its attendant reduction in legal fees. The settlement also eliminates at least one possible appeal and the further delay in the outcome of the litigation against Vannucci.

**4.	The paramount interest of the creditors.**

This factor supports approving the Agreement. The court may give weight to the opinions of the trustee, the parties, and their attorneys. *In re A & C Properties*, 784 F.2d 1377 (9th Cir. 1986). It is the Trustee's opinion that the Agreement is in the best interest of the estate. On, the estate's single largest creditor, not only supports but is also a party to the Agreement. The remaining creditors will likely also enjoy a modest benefit from the 5% discount of On's resulting claim. As such, the Agreement is in the paramount interest of creditors. The settlement also results in a prompt payment to the bankruptcy estate's largest creditor instead of the creditor having to wait for payment. The structure of the deal is also beneficial to the other creditors in that it not only results in a reduction of the On claim, but there is no commission owing to the Trustee on the payment to On since it is not a distribution from the bankruptcy estate.

**WHEREFORE**, the Trustee respectfully requests that the motion be granted and for such other and further relief as the Court deems necessary and proper.

Dated: June 22, 2021　　　　　　　　**DESMOND, NOLAN, LIVAICH & CUNNINGHAM**

By: /s/ J. RUSSELL CUNNINGHAM
　　　**J. RUSSELL CUNNINGHAM,**
　　　Attorneys for Kimberly J. Husted
　　　Chapter 7 Trustee